IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JACQUELINE POWELL and WILEY POWELL                    PLAINTIFFS

v.                                    CIVIL ACTION NO.: 2:12-CV-00094-GHD-SAA

SOUTHEAST FOODS, INC. d/b/a Super Valu                 DEFENDANT

MEMORANDUM OPINION GRANTING DEFENDANT'S RULE 37 MOTION TO DISMISS

Presently before this Court is Defendant's motion to dismiss [20] pursuant to Rule 37(b)(2)(A) and/or 37(c) of the Federal Rules of Civil Procedure. Plaintiffs have not filed a response to the motion, and the matter is now ripe for review. After due consideration, the Court finds the motion to dismiss [20] is well taken and should be granted.

*A. Factual and Procedural Background*

Plaintiffs Jacqueline Powell and her husband, Wiley Powell ("Plaintiffs"), initially brought this personal injury action in the Circuit Court of Bolivar County, Mississippi on May 8, 2012. Defendant timely removed the case to this Court on May 31, 2012.[1]

Super Valu was a grocery store owned and operated by Defendant Southeast Foods, Inc. and located in Cleveland, Mississippi. On May 11, 2009, Plaintiff Jacqueline Powell entered Super Valu as an invitee intending to shop. Plaintiffs allege that while Ms. Powell was attempting to enter the store's bathroom, Ms. Powell slipped on some standing water at the

---

[1] Plaintiffs are Mississippi residents. Defendant, though alleged to be a Mississippi corporation, maintains that Southeast Foods, Inc. is no longer an existing corporation, but instead has merged into Southeast Foods, LLC, which is the surviving company and a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Monroe, Louisiana. Defendant further maintains that each member of Southeast Foods, LLC is a Louisiana resident. Thus, Defendant maintains that complete diversity exists between Plaintiffs and Defendant. Defendant further maintains that the jurisdictional amount in controversy is satisfied, as the Plaintiffs allege in their complaint that Plaintiff Jacqueline Powell's present medical expenses are in the amount of $81,678.31, clearly exceeding the amount of $75,000.00 exclusive of interest and costs.

bathroom entrance and fell, sustaining serious, permanent injuries to her right shoulder, right hip, and head as a result.[2] Plaintiffs aver that Ms. Powell's injuries were sustained due to Defendant's alleged negligence in allowing water to accumulate at the bathroom entrance, not properly cleaning the bathroom floor, failing to train its employees to monitor floor surfaces for safety, and failing to warn Ms. Powell of the existing hazardous condition of the standing water at the bathroom entrance. Plaintiffs further allege that Ms. Powell's medical expenses total $81,678.31, and that she may incur future expenses as a result of her injuries. Defendant Wiley Powell seeks damages for temporary loss of consortium.

Plaintiff filed a motion to extend case management deadlines in order to take the deposition of three employees of Super Valu. This motion was denied pending a continuance of the trial date. On February 25, 2013, Defendant filed the present motion to dismiss [20], wherein it contends that the case should be dismissed with prejudice due to the Plaintiffs' "false discovery responses and false deposition testimony" and Plaintiffs' "willfulness and bad faith." Plaintiffs have failed to file a response to the motion, and the time for filing a response is now past.

*B. Analysis and Discussion*

The Court has the inherent power "to control its docket by dismissing a case as a sanction for a party's failure to obey court orders." *See Gonzales v. Trinity Marine Gp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (internal citations omitted). "Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties." *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977). Rule 37 allows the Court to impose the following sanctions: **(1)** the court may order that designated facts

---

[2] Ms. Powell later testified in her deposition that she sustained injuries to her left side, not right side, as a result of the alleged slip-and-fall. *See* Ms. Powell Dep. [20-3] at 64–65.

2

be taken as true in favor of the party seeking compliance with discovery, FED. R. CIV. P. 37(b)(2)(A)(i); **(2)** the court may enter an order refusing to allow the noncomplying party to support or oppose designated claims or defenses, or prohibiting the party from entering designated matters in evidence, FED. R. CIV. P. 37(b)(2)(A)(ii); **(3)** the court may enter an order striking pleadings or parts thereof, or staying further proceedings until the party obeys the order, FED. R. CIV. P. 37(b)(2)(A)(iii), (iv); **(4)** the court may enter an order treating as contempt the failure to obey any orders,[3] FED. R. CIV. P. 37(b)(2)(A)(vii); **(5)** the court may require the party to pay the reasonable expenses, including attorney's fees, caused by the party's failure to obey the court's orders, FED. R. CIV. P. 37(C); **(6)** the court may enter an order dismissing the action or proceeding in whole or in part, FED. R. CIV. P. 37(b)(2)(A)(v); and **(7)** the court may render a default judgment against the noncomplying party, FED. R. CIV. P. 37(b)(2)(A)(vi).

Defendant contends that Plaintiffs' complaint should be dismissed pursuant to Rule 37, because Plaintiffs have submitted false responses to interrogatories and have testified falsely in depositions concerning Ms. Powell's prior injuries. Federal Rule of Civil Procedure 37 provides in pertinent part:

> (b) Failure to Comply with a Court Order.
>
> . . .
>
>     (2) Sanctions Sought in the District Where the Action is Pending.
>
>         (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
>         . . .

---

[3] The exception to this is that the court may not enter an order treating as contempt the failure to obey "an order to submit to a physical or mental examination." *See* FED. R. CIV. P. 37(b)(2)(A)(vii).

> > (v) dismissing the action or proceeding in whole or in part;
>
> . . .
>
> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> > (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> >
> > . . .
> >
> > > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(b)(2)(A)(v), (c)(1)(C).

Plaintiffs have consistently maintained throughout discovery that, prior to the fall at Super Valu, Ms. Powell had never suffered from any pain in her shoulders, back, and hips. *See* Ms. Powell Dep. [20-3] at 71–72, 82–83, 84; Mr. Powell Dep. [20-8] at 21; Pls.' Resps. To Def.'s First Set of Interrogs. [20-2] at 6; *see also* Ms. Powell Dep. [20-3] at 98 (testifying that responses to interrogatories were complete and correct in not mentioning any shoulder pain prior to fall). Ms. Powell has also testified that she did not have rotator cuff surgery prior to the fall. *See id.* at 72. However, the medical records produced in discovery indicate that apparently prior to the fall Ms. Powell had a history of complaints of pain radiating from her left shoulder down her left side, and that Ms. Powell had undergone rotator cuff surgery prior to the fall.

When Ms. Powell was asked about Delta Health Center medical records dated May 11, 2009 (prior to the May 11, 2009 fall at Super Valu) which state that Ms. Powell "[complains of]

4

lower back pain which radiates to hips" and "[h]ip and back pain which has been intermittent for past few years," *see* [24] at 3, Ms. Powell said she did not know whether she was having those problems on the day of the fall and she "[didn't] think [she] went to the doctor that day," *see id.* at 67–68. Mr. Powell likewise testified that he did not recall Ms. Powell going to the doctor on May 11 prior to the fall. *See* Mr. Powell Dep. [20-8] at 21. Ms. Powell further denied a history of shoulder cuff problems, despite medical records from Bolivar Medical Center stating that she had such a history, *see* [24] at 3; Ms. Powell testified that this information in the medical records was "not true" and that "[i]t must be" incorrect. Ms. Powell Dep. [20-8] at 69.

Ms. Powell additionally testified when asked about a medical record from the Family Medical Clinic in Cleveland, Mississippi dated October 31, 2007 that indicates she complained of "[p]ersistent left shoulder pain that radiates down to her hand and arm with minimal relief with Mobic," that this medical record was incorrect and she had "never had [any] trouble" with her shoulders prior to the fall. *Id.* at 84. When asked about her medical record from Bolivar Medical Center dated January 27, 2009 indicating that she had complained of "a sudden onset of severe pain in right shoulder and little in left shoulder," Ms. Powell testified that she did not have shoulder pain prior to the fall and that the medical record was incorrect. *See id.* at 84–85. However, Ms. Powell acknowledged that the personal identifying information on the medical records correctly identified her as the patient and that other information in the medical records was correct, such as her history of diabetes. *Id.* at 68–69.

During her deposition, Ms. Powell also challenged the accuracy of other information contained in the various medical records pre-dating the fall at Super Valu, including a statement that her gait was "slow and shuffling," *id.* at 74; *see* [24] at 5; an indication that Ms. Powell had complained of pain in her left rotator cuff, *id.* at 76; and an indication that Ms. Powell had

5

complained of suffering from left shoulder pain for two weeks prior to the fall at Super Valu, *id.* at 76–77.

Defendant maintains that Plaintiff Jacqueline Powell's history of shoulder problems is a material issue in the case and that Plaintiffs' alleged false and incomplete statements in discovery "[were] clearly made willfully and in bad faith." Def.'s Mot. Dismiss [20] at 9. Defendant requests that Plaintiffs' complaint be dismissed as a sanction and maintains that "[d]ue to the nature of this misconduct, and the fact that it falls squarely on the [P]laintiffs as opposed to their attorneys, no lesser sanction will suffice." Def.'s Mot. Dismiss [20] at 9. Defendant further maintains that "[a]ny sanction other than dismissal would allow [P]laintiff[s] to proceed to trial after having made a conscious decision to disavow her prior medical injuries." Def.'s Mem. Br. Supp. Mot. Dismiss [21] at 10. Defendant contends that Defendant's expert designation deadline and discovery deadline have both run, and Plaintiffs made no efforts to depose Plaintiff Jacqueline Powell's treating physicians; thus, Defendant would "bear additional exceptional expense in attempting to ferret out the true from false regarding pre-existing left shoulder problems." *See id.*

The Court finds the Defendant's arguments in support of dismissal to be well taken, and further notes the failure of Plaintiffs to submit a response to the motion to dismiss. Given the history of this case, particularly Plaintiffs' failure to adequately address the discrepancies between Plaintiffs' testimony and Ms. Powell's past medical records, the Court finds that no other sanction besides dismissal will suffice. For the foregoing reasons, the Court finds that Plaintiffs' complaint should be dismissed without prejudice.

*D. Conclusion*

In sum, Defendant's motion to dismiss [20] brought pursuant to Rule 37 of the Federal Rules of Civil Procedure shall be GRANTED, and this case shall be DISMISSED WITHOUT PREJUDICE.

A separate order in accordance with this opinion shall issue this day.

This, the 22nd day of May, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE